## The People v. Zephaniah B. Knight.

*Pontiac city charter — Township of Pontiac — Voting.* — Sec. 95 of the charter of the city of Pontiac, (*Laws of* 1861, *p.* 365,) which, in effect, provides that the residents of the township of Pontiac may hold their annual meetings in the city of Pontiac, and that the township officers may keep their offices in said city, does not authorize the polls of said township for a general election, to be held in said city.

Where, therefore, at the general election of 1864, the residents of said township held their polls of election in said city, it was *held* that the vote of said township was thereby rendered illegal and void.

*Submitted May* 12.    *Decided July* 10.

*Quo warranto.*

The following are the admitted facts in this case:

At the general election held in November, 1864, the respondent and one Francis Darrow were opposing can-

didates for the office of Judge of Probate for the County of Oakland. The inhabitants of the township of Pontiac, in said county, held the township polls at that election in the city of Pontiac, and there voted. Including the vote of said township, Darrow received a majority of the whole number of votes cast in said county for said office; but excluding the same, the respondent had a majority of the votes, and was entitled to the office.

*Albert Williams*, Attorney-General, for the People.

*H. C. Knight* and *Alfred Russell*, for the respondent.

MARTIN Ch. J.:

At the general election held in November, 1864, the inhabitants of the township of Pontiac held the polls of election for such township, in the city of Pontiac, and it is insisted that they had this right by provisions of law. The only provision of law applicable to this case which we find, or to which we have been referred, is that contained in the charter of the city of Pontiac, (*Sess. Laws of* 1861, *p.* 365, §95,) which is as follows: "Nothing in this act shall operate to prevent the holding of the *annual meetings* of the township of Pontiac, nor to prevent the township clerk and other officers of said township from keeping their offices in said city, as though this act had not passed." Unskillfully as this section is drawn, the obvious intent of the Legislature in this case, unlike other and broader provisions in some other similar cases, (see *Laws of* 1859, *pp.* 191, 875,) was to retain to the inhabitants of the township the right to hold their *annual township meetings*, and for the township officers to keep their offices within the city, and it can be extended no further. Whether this provision conflicts with the constitution or not, we are not called upon to determine under the question now presented. Conceding that the township

of Pontiac has the right to hold its *annual township meetings* in the city, the question still remains, and is now presented, whether the inhabitants had the right to hold any other meeting, or any election, within the city than such as is expressly reserved to them by the section above quoted. We think not. The general election is not a *township meeting* in any legal sense. The law, (1 *Comp. Laws, p.* 88, §2, *subdiv.* 4,) provides, by express words, that "The words '*annual meeting*,' when applied to townships, *shall be construed to mean* the annual meeting required by law to be held in the month of April," and that, ( §2, *subdiv.* 19,) "The words '*general election*' shall be construed to mean the election required by law to be held in the month of November," and provision is made by statute for holding such annual meetings and general election.—1 *Comp. Laws,* §500, *and seq.; Id., Ch. VI., p.* 102. By the act to incorporate the city of Pontiac, certain territory, before that time a part of the township, was set off from said township, and declared to be a city. The effect of this act, except for the provision relative to annual meetings above quoted, would be to exclude the township from all jurisdiction over the territory thus cut off, and from holding any meetings within the city, limits; and it follows necessarily that the township has no rights of holding meetings or elections therein, except such as are expressly reserved to or conferred upon it by law; and whether the Legislature was competent to do this, is not a question submitted to us, and we do not propose to determine it until properly raised and presented.

We think, therefore, that the vote of the township of Pontiac was illegally cast, and that the defendant, Knight, is lawfully in possession of the office of Judge of Probate of his county.

Judgment for defendant.

The other Justices concurred.